UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

JAIME E. BANEGAS-HERNANDEZ,

    Plaintiff,

Vs.

HIGH POINT DRYWALL, LLC, a Florida limited liability company,
LEONARDO AGUILAR, and
JUAN SANIN, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, JAIME E. BANEGAS-HERNANDEZ, ("BANEGAS-HERNANDEZ"), by and through his undersigned counsel, files this Complaint against Defendants, HIGH POINT DRYWALL, LLC, a Florida limited liability company ("HIGH POINT"), LEONARDO AGUILAR, ("AGUILAR"), individually, and JUAN SANIN, ("SANIN"), individually, and states as follows:

### INTRODUCTION

1. This is a proceeding against HIGH POINT, AGUILAR and SANIN for monetary damages to redress the deprivation of rights secured to Plaintiff, BANEGAS-HERNANDEZ, under the maximum hour provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") as well as under 26 U.S.C § 7434 which provides civil damages for the fraudulent filing of information tax returns.

1

## JURISDICTION

2. The jurisdiction of the Court over this controversy is based on 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

## VENUE

3. The venue of this Court over this controversy is based on the following:

   a. The unlawful employment practice alleged below occurred and/or were committed within Broward County, Florida;

   b. Defendant, HIGH POINT, was and continues to be a Florida corporation doing business within the Southern District of Florida; and

   c. Upon information and belief, the individual Defendants, SANIN and AGUILAR, reside in Broward County Florida.

## PARTIES

4. At all times material hereto, Plaintiff, BANEGAS-HERNANDEZ, was and continues to be a resident of Miami-Dade County, Florida.

5. At all times material hereto, Plaintiff, BANEGAS-HERNANDEZ was an "employee" within the meaning of the FLSA.

6. At all times material hereto, Defendant, HIGH POINT, was and continues to be a limited liability company organized under the laws of the State of Florida engaged in the drywall and demolition business.

7. At all times material hereto, Defendant, HIGH POINT, was engaged in business at 3077 N.W. 26th Street, Lauderdale Lakes, FL 33311, within the Southern District of Florida.

8. At all times material hereto, Defendant HIGH POINT is an employer authorized to do business and doing business in Florida, with a place of business in Broward County, Florida.

9. Further, at all times relevant Defendant HIGH POINT was an "employer" with the meaning of § 3(d) of the FLSA, 29 U.S.C. §203(d).

10. At all times material hereto, Defendant, HIGH POINT, regularly owned and operated a business engaged in commerce as defined in § 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and § 203(s).

11. At all times material hereto, Plaintiff, BANEGAS-HERNANDEZ was "engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, Defendant, HIGH POINT, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

13. At all times material hereto, annual gross revenue of Defendant, HIGH POINT, was in excess of $ 500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the items used by the Defendant, HIGH POINT, for the operation of their business travelled in interstate commerce.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

16. At all times material hereto, Defendants, SANIN and AGUILAR were officers of Defendant HIGH POINT, who controlled how Plaintiff was compensated and are therefore employers within the meaning of the FLSA. Additionally, as officers of the corporation, they were signatories on informational tax documents submitted to the Internal Revenue Service on behalf of HIGH POINT.

## STATEMENT OF FACTS

17. Plaintiff, BANEGAS-HERNANDEZ, was originally hired as a hired as a as a laborer doing both drywall work and demolition work for Defendants in the middle of 2013. Mr. BANEGAS-HERNANDEZ was terminated November 15, 2016.

18. During the relevant time period, from January of 2016 and continuing through the end of his employment, Plaintiff worked an average of 88 hours per week from (16 hours on weekdays and 8 hours on Saturdays). During this time frame, Defendants paid Mr. Hernandez and other similarly situated employees by check, however, their overtime was paid in cash at the straight time rate. During 2016, Plaintiff was paid $ 13.75 per hour and later $ 15.00 per hour. His 88 hour per week schedule remained the same.

19. In 2016, while the Plaintiff, BANEGAS-HERNANDEZ, and all similarly situated hourly employees were paid hourly, however, the first 40 hours were paid by check and the overtime hours would be paid in cash, but at a straight time rate.

20. Accordingly, Plaintiff, and all similarly situated employees are owed an additional half-time premium for all hours worked in excess of forty (40) during the relevant statute of limitations.

21. During the course of Mr. BANEGAS-HERNANDEZ's employment, Defendants violated the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216(b), as well as the Internal Revenue Code, 26 U.S.C. § 7434, by not paying Mr. BANEGAS-HERNANDEZ or other similarly situated employees overtime at the rate of time and one-half their hourly rate. Instead, Defendants would pay the employees overtime at a straight time rate by paying them cash.

22.     Upon information and belief, the cash payments were not reported by Defendants to the IRS and Defendants did not deduct the appropriate withholding taxes from their overtime pay.

23.     During the relevant time period in 2016, it is estimated that Plaintiff worked approximately 40 weeks where he worked in excess of forty hours per week without receiving any overtime compensation. Thus, Plaintiff is owed the following for unpaid overtime in 2016:

```
17 weeks x $ 13.75 per hour x 48 overtime hours x .50 =   $  5,610.00
23 weeks x $ 15.00 per hour x 48 overtime hours x .50 =   $  8,280.00
Total Overtime Pay:                                       $ 13,890.00
Liquidated Damages:                                       $ 13,890.00
Total Damages:                                            $27,790.00
```

24.     Defendants have and continue to violate Title 29 U.S.C. § 207 in that Plaintiff, and all similarly situated employees who worked in excess of the maximum hours provided by the FLSA were not paid at a rate of time and one-half the hourly rate for all overtime hours worked, in excess of 40 hours per pay period.

25.     Notwithstanding the fact that Defendants had knowledge regarding their obligation to pay the Plaintiff overtime compensation, Defendants willfully continued to violate Title 29 U.S.C. § 207, by failing to properly pay overtime compensation.

26.     Such continuing conduct by the Defendants evidences a willful decision by the Defendants and their agents to violate the overtime provisions of the FLSA. At no time did the Defendants have reasonable grounds for believing that their acts and/or omissions were not a violation of the FLSA.

27.     Plaintiff has retained the Law Firm of Michael A. Pancier, P.A., to represent him and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIMS**

**COUNT I**

**VIOLATION OF 29 U.S.C. §§ 207**
**OVERTIME COMPENSATION**

28.     Plaintiff, BANEGAS-HERNANDEZ, realleges and reavers paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.     Plaintiff, BANEGAS-HERNANDEZ, was entitled to be paid at the rate of time and one-half of his hourly rate for the hours that he worked in excess of the maximum hours provided for in the FLSA.

30.     Due to intentional, willful, and unlawful acts of Defendants, HIGH POINT, AGUILAR and SANIN, Plaintiff, BANEGAS-HERNANDEZ, has suffered damages in lost compensation for the time he worked over forty (40) hours per week without receiving overtime compensation, plus liquidated damages.

31.     Plaintiff worked an average of 88 hours per week at the rate of $ 13.75 per hour for 17 weeks and $ 15 per hour for 23 weeks.

32.     Plaintiff is therefore owed a grand total of  $ 13,890.00 in unpaid overtime plus an equal amount as liquidated damages or **$27,790.00**.

33.     Plaintiff, BANEGAS-HERNANDEZ, is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, BANEGAS-HERNANDEZ, respectfully request that judgment be entered in his favor against Defendants, HIGH POINT, AGUILAR and SANIN, jointly and severally:

    a.    Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount of $13,890.00 in unpaid overtime and an equal amount as liquidated damages totaling **$27,790.00** in damages;

    c.    Awarding the Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    d.    Awarding Plaintiff post judgment interest (and prejudgment interest in the event that liquidated damages are not awarded), and;

    e.    Ordering any other relief that this Court deems just and proper.

## COUNT II

### VIOLATION OF 26 U.S.C. § 7434

34.    Plaintiff, BANEGAS-HERNANDEZ, realleges and reavers paragraphs 1 through 27 of this Complaint as if fully set forth herein.

35.    Title 26 U.S.C. § 7434 provides that "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

36.    Specifically, upon information and belief, Defendants only reported employee payroll to the IRS that was paid in the form of a check in the company's 941 filings. Cash payments were not reported nor were payroll taxes deducted.

37. Pursuant to 26 U.S. Code § 6051(a), Defendants were required by the Internal Revenue Code to file true and accurate informational return with respect to employee wages including, *inter alia*, the following information, employee name, the total amount of wages paid to the employee, and the total amount of tax deduction and withholding tax.

38. Defendants willfully filed fraudulent informational returns as evidenced by the fact that it was paying straight time overtime payments in cash and failed to make deductions for Social Security taxes, Medicare taxes, and federal income tax withholding taxes.

39. Title 26 U.S.C. § 7434 provides that in any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

40. As a result of the Defendants' actions as set forth herein, the Plaintiff has suffered damages.

41. Plaintiff is therefore damages equal to the greater of $ 5,000.00 or his actual damages.

42. Plaintiff, BANEGAS-HERNANDEZ, is entitled to an award of his reasonable attorney's fees and costs pursuant to 26 U.S.C. § 7434(b)(3).

**WHEREFORE,** Plaintiff, BANEGAS-HERNANDEZ, respectfully request that judgment be entered in his favor against Defendants, HIGH POINT, AGUILAR and SANIN, jointly and severally:

a. Declaring, pursuant to 28 U.S.C. §2201 and 2202, that the acts and practices complained of herein are in violation of 26 U.S.C. § 7434;

b. Awarding Plaintiff damages equal to the greater of $ 5,000.00 or his actual damages;

c. Awarding Plaintiff attorney's fees and costs; and

d. Awarding the Plaintiff any other damages that the Court deems just and appropriate.

### JURY DEMAND

Plaintiff demands trial by jury.

Dated: January 10, 2017

Respectfully submitted,

Law Offices of Michael A. Pancier, P.A.,
**Attorneys for Plaintiff**
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
TEL: (954) 862-2217
FAX: (954) 862-2287

　　　　/s/ Michael A. Pancier, Esq.
　　　Michael A. Pancier, Esq.
　　　Fla. Bar No. 958484