IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-60056-CIV-COHN/SELTZER

**JAIME E. BANEGAS-HERNANDEZ,**
Individually,

    Plaintiff,

vs.

**HIGH POINT DRYWALL, LLC,**
a Florida limited liability company,
**LEONARDO AGUILAR**, and
**JUAN SANIN**, individually,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff Jamie E. Banegas-Hernandez and Defendants High Point Drywall, LLC, Leonardo Aguilar, and Juan Sanin (collectively, the "Parties") jointly request that the Court approve the Parties' Settlement Agreement (Exhibit 1 hereto) and dismiss with prejudice all claims in this case, each party to bear its own attorneys' fees and costs.

### ARGUMENT

The Parties have reached an amicable resolution to this matter. A copy of the Parties' Settlement Agreement is attached as Exhibit 1. Plaintiff filed a complaint under the Fair Labor Standards Act ("FLSA") alleging unpaid overtime wages and for reporting violations under the Internal Revenue Code. Defendants dispute Plaintiff's allegations and contend Plaintiff did not work overtime for Defendant but instead operated his own competing business during work hours.

1

This case involves contested issues of both liability and amount of damages. Due to the uncertainties and costs of litigation, the parties decided to amicably settle this matter.

The two circumstances in which FLSA claims may be compromised are claims that are: 1) supervised by the Secretary of Labor, pursuant to 29 U.S.C. § 216(c); and 2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See id.* at 1354-55. In contrast, where a plaintiff is offered full compensation on his or her FLSA claim, no compromise is involved, and judicial approval is not required. *See Mackenzie v. Kindred Hosp. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). If the settlement meets the afore-mentioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id; see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

The Parties request approval of their Settlement Agreement (Exhibit 1 hereto) to ensure its enforceability pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The parties also seek dismissal of all claims in this case with prejudice, each party to bear its/his own attorneys' fees and costs.

The parties exchanged time and wage records to resolve the case, and determined a reasonable compromise of disputed claims of liability and the amount of damages.

The Parties agree that their Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. If approved by the Court, the agreement would make settlement payments available to Plaintiff, in an amount representing a compromise between the amount sought by Plaintiff and the amount that Defendants believe appropriate. Thus, the

Settlement Agreement achieves both parties' primary objectives. The agreement assures that Plaintiff will be paid for his claims. For Defendants, the agreement assures finality.

A proposed Agreed Order approving the Settlement Agreement and dismissing all claims in this case with prejudice is attached hereto.

## CONCLUSION

The Parties respectfully request that the Court enter the attached Agreed Order approving the terms of the Parties' Settlement Agreement and dismissing with prejudice all claims in this action, each party to bear its/his own attorneys' fees and costs.

Dated: March 1, 2017

Respectfully submitted,

| | |
|---|---|
| BY: s/Michael A. Pancier<br>Michael A. Pancier, Esq.<br>Law Offices of Michael A. Pancier, P.A.<br>9000 Sheridan Street, Suite 93<br>Pembroke Pines, FL 33024<br>Telephone: (954) 862-2217<br>Fax: (954) 862-2287<br>Email: mpancier@pancierlaw.com<br>Attorney for Plaintiff | BY: s/Peter T. Mavrick<br>Peter T. Mavrick, Esq.<br>Florida Bar No.: 0083739<br>E-mail: peter@mavricklaw.com<br>Cody M. McCaughan, Esq.<br>Florida Bar No.: 0123607<br>E-mail: cmccaughan@mavricklaw.com<br><br>Mavrick Law Firm<br>1620 West Oakland Park Boulevard<br>Suite 300<br>Fort Lauderdale, Florida 33311<br>Telephone: (954) 564-2246<br>Attorneys for High Point Drywall, LLC,<br>Leonardo Aguilar, and Juan Sanin |

# EXHIBIT 1

## SETTLEMENT AGREEMENT OF FLSA AND FMWA CLAIMS

This Settlement Agreement of FLSA and other claims (the "Agreement") is entered into between the Plaintiff, JAIME E. BANEGAS-HERNANDEZ (hereinafter referred to as "BANEGAS-HERNANDEZ") and Defendants, HIGH POINT DRYWALL, LLC., and LEONARDO AGUILAR, and JUAN SANIN, individually, (hereinafter collectively referred to as "HIGH POINT"),

### Section I – General Recitals & Representations

**1.1** JAIME E. BANEGAS-HERNANDEZ has filed a lawsuit against High Point, and others, alleging claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and Title 26 U.S.C. § 7434 ("IRC Claim"), Case No. 0:17-cv-60056-JIC. Specifically, with respect to High Point, BANEGAS-HERNANDEZ alleges that High Point failed to pay him overtime compensation at the rate of time and one-half his hourly rate for all hours worked in excess of forty (40). Additionally, BANEGAS-HERNANDEZ, sought statutory damages under the Internal Revenue Code for allegations that the Employer submitted fraudulent information return with respect to wage payments made to BANEGAS-HERNANDEZ.

**1.2** HIGH POINT denies any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by BANEGAS-HERNANDEZ against High Point, the parties have elected to voluntarily enter into this Agreement. BANEGAS-HERNANDEZ agrees that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by HIGH POINT.

**1.3** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Payment & Consideration

**2.1** **Dismissal of Claims / Court Approval.** BANEGAS-HERNANDEZ agrees to submit this settlement to the Court for approval and/or a fairness hearing in order to have the case dismissed against all parties with prejudice.

**2.2** **Payment of Consideration by Employer.** In exchange for: (1) BANEGAS-HERNANDEZ's dismissal with prejudice of his FLSA and IRC claims against HIGH POINT and releasing HIGH POINT of any claims under the FLSA and IRC Claim; and (2) all other promises BANEGAS-HERNANDEZ has made herein, Employer agrees to pay the collective total gross settlement value of TWELVE THOUSAND SIX HUNDRED AND FIFTY DOLLARS ($ 12,650.00), which is to be broken down as follows: (a) BANEGAS-HERNANDEZ shall receive EIGHT-THOUSAND DOLLARS ($8,000.00); and (b) Plaintiff's Counsel, the Law Offices of MICHAEL A. PANCIER, P.A., shall receive FOUR-THOUSAND SIX HUNDRED FIFTY DOLLARS ($4,650.00) for attorneys' fees and costs of which $470.00 are taxable costs. BANEGAS-HERNANDEZ and his counsel shall be responsible for their tax obligations, if any. Court approval of the Parties' settlement and this Settlement Agreement is a material condition precedent to HIGH POINT's payment obligations in this Agreement. The settlement value, which

JB
Plaintiff

HIGH POINT

resolves all of BANEGAS-HERNANDEZ's claims against High Point, including for attorneys' fees, shall be paid as follows:

    a. Employer shall deliver the settlement balance of $ 12,600.00, made payable to Michael A. Pancier, PA Trust Account pursuant to the following schedule:

        i. $ 2,000.00 payable the later of either three business days after the Court approves this Agreement or March 3, 2017;

        ii. $ 2,216.66 payable on or before the later of either three business days after the Court approves this Agreement or March 15, 2017;

        iii. $ 4,216.67 payable on or before the later of either three business days after the Court approves this Agreement or April 14, 2017; and

        iv. $ 4,216.67 payable on or before the later of either three business days after the Court approves this Agreement or May 15, 2017;

    b. All payments shall be delivered via wire transfer to Michael A. Pancier, P.A. Trust Account. Said payments shall be held strictly in trust pending Court approval of this Settlement Agreement. As a material condition to HIGH POINT's obligations under this Agreement, BANEGAS-HERNANDEZ shall complete and sign a Form W-9 which shall be attached hereto as Exhibit "1"; and MICHAEL A. PANCIER, P.A. shall complete and sign a Form W-9 which shall be attached hereto as Exhibit "2." After the foregoing settlement payments are made, HIGH POINT shall issue a Form 1099 to BANEGAS-HERNANDEZ for $8,000.00 and a Form W-9 to MICHAEL A. PANCIER, P.A. for $4,650.00.

    c. BANEGAS-HERNANDEZ acknowledges and agrees that he shall be solely and exclusively his obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies he receives as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions.

### 2.3 Broad General Releases

    a. **General Release of Highpoint Drywall, LLC, Leonardo Aguilar, and Juan Sanin.** By executing this Settlement Agreement, BANEGAS-HERNANDEZ generally releases and forever discharges Highpoint Drywall, LLC (and its predecessors and successors in interest, affiliates, joint-venturers, assignees, owners, managing members, managers, agents, employees, attorneys and representatives in their individual and official capacities and their heirs and legal representatives), Leonardo Aguilar (and his heirs, executors, administrators, agents, attorneys, beneficiaries, and joint-venturers and any legal entity owned by Leonardo Aguilar), and Juan Sanin (and his heirs, executors, administrators, agents, attorneys, beneficiaries, and joint-venturers and any legal entity owned by Juan Sanin) of and from any and all claims and possible claims, including but not limited to any federal or state statutory, common law, equitable, or other possible claims, demands, all manner of action and actions, causes of action, suits, administrative proceedings, debts, liabilities, dues, attorneys' fees, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, contractual obligations (whether oral, written or based on promissory estoppel), controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever and of any kind or nature whatsoever,

JB
Plaintiff

HIGH POINT

Page 2 of 6    2-27-2017    2-27-2017

whether in law or in equity, known or unknown, matured or unmatured, accrued or unaccrued, which BANEGAS-HERNANDEZ (including his heirs, executors, agents, attorneys, beneficiaries, joint-venturers, and any legal entity owned by BANEGAS-HERNANDEZ) ever had, may have, or now have by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims that were actually asserted, might have been asserted, or could have been asserted by BANEGAS-HERNANDEZ in any arbitration proceeding, legal action, legal proceeding, equitable action, or equitable proceeding up to the date of the signing of this Agreement. Except for claims arising after this Agreement is executed by the Parties, all such claims are forever barred by this Agreement, regardless of the forum or form in which such claims might be brought. This Release is inclusive (without limitation) of all such claims that could have been asserted by BANEGAS-HERNANDEZ in the subject lawsuit in the United States District Court or in any other forum through the date all parties hereto have signed this Agreement and through the date the Court approves this settlement. *Provided, however, that nothing contained herein shall act as a release of the obligations imposed by this Settlement Agreement.*

b.

a.      General **Release of BANEGAS-HERNANDEZ.**  By executing this Settlement Agreement, High Point Drywall, LLC, Leonardo Aguilar, and Juan Sanin (collectively "HIGH POINT") generally release and forever discharge BANEGAS-HERNANDEZ (and his heirs, executors, administrators, agents, attorneys, beneficiaries, and joint-venturers and any legal entity owned by BANEGAZ-HERNANDEZ) of and from any and all claims and possible claims, including but not limited to any federal or state statutory, common law, equitable, or other possible claims, demands, all manner of action and actions, causes of action, suits, administrative proceedings, debts, liabilities, dues, attorneys' fees, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, contractual obligations (whether oral, written or based on promissory estoppel), controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever and of any kind or nature whatsoever, whether in law or in equity, known or unknown, matured or unmatured, accrued or unaccrued, which HIGH POINT (including their heirs, executors, agents, attorneys, beneficiaries, joint-venturers, and any legal entity owned by any of them) ever had, may have, or now have by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims that were actually asserted, might have been asserted, or could have been asserted by HIGH POINT in any arbitration proceeding, legal action, legal proceeding, equitable action, or equitable proceeding up to the date of the signing of this Agreement. Except for claims arising after this Agreement is executed by the Parties, all such claims are forever barred by this Agreement, regardless of the forum or form in which such claims might be brought. This Release is inclusive (without limitation) of all such claims that could have been asserted by HIGH POINT in the subject lawsuit in the United States District Court or in any other forum through the date all parties hereto have signed this Agreement and through the date the Court approves this settlement. *Provided, however, that nothing contained herein shall act as a release of the obligations imposed by this Settlement Agreement.*

**2.4    Default Remedies.**  In the event a settlement payment is not received by Plaintiff's attorney by the date due, but before an Event of Default may be declared for non-payment, High Point shall have two business days from delivery of an e-mail notice to Peter Mavrick, Esquire via email to the following address: peter@mavricklaw.com and also by phone call to Peter Mavrick at 954-564-2246 (if there is no answer a voicemail must be left) to cure the non-payment. Any notices attempted to be sent to High Point listed above shall be deemed delivered upon the date that such notice is delivered. To cure the default for non-payment, the settlement payment then due *along with a fixed "Late Fee" of $ 25.00 must be received*

JB
Plaintiff                                                                                                     HIGH POINT

no later than two business days after delivery of the written notice and the phone call notice. Failure of High Point to provide the payment and the Late Fee within two business days after delivery of written notice shall constitute Default.

If HIGH POINT defaults, then BANEGAS-HERNANDEZ and his attorneys may proceed with taking a Final Judgment against High Point, LEONARDO AGUILAR and JUAN SANIN, jointly and severally, upon which execution shall issue forthwith, in the amount of Twenty-Eight Thousand Dollars ($28,000.00) minus any payment already made, if any, plus any attorney's fees and costs incurred in having the Court enter a Final Judgment upon submission of an affidavit of indebtedness to the federal district court. In the case of Default, HIGH POINT understands and agrees that BANEGAS-HERNANDEZ may proceed immediately with collection action plus interest for the unpaid balance plus reasonable attorneys' fees, costs, and expenses necessarily incurred to obtain a judgment.

**2.5   Consideration is Adequate, Ample and All Inclusive:** BANEGAS-HERNANDEZ specifically agrees that the sums paid to him under this Agreement constitute adequate and ample consideration for the rights and claims that he is releasing and waiving under this Agreement, and for the other obligations imposed upon him by this Agreement.

### Section III – Miscellaneous Provisions

**3.1   Miscellaneous.** If anyone should seek an employment reference regarding BANEGAS-HERNANDEZ, only Juan Sanin and Leonardo Aguilar shall speak for themselves and High Point Drywall, LLC, and Mr. Sanin and Mr. Aguilar may state only BANEGAS-HERNANDEZ's dates of employment and position held and nothing else and if asked about the case, they shall say only the following: "the case was resolved." Likewise if BANEGAS-HERNANDEZ is asked about his employment at High Point, BANEGAS-HERNANDEZ may state only the dates of his employment and position held with the company and nothing else and if he is asked about the case, he may only respond that the "the case was resolved."

**3.2   No Re-hire.** BANEGAS-HERNANDEZ agrees that he is not entitled to employment or to any other type of work with HIGH POINT now or in the future, and that he will not re-apply for employment or for any other type of work with HIGH POINT.

**3.3   Effective Date.** This Agreement becomes effective and enforceable against the parties upon their execution of the Agreement.

**3.4   Amendment.** This Agreement may not be amended except by written agreement signed by HIGH POINT and BANEGAS-HERNANDEZ.

**3.5   Headings.** The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**3.6   Governing Law, Severability, Interpretation and Construction.** This Agreement shall be governed and construed in accordance with the laws of the State of Florida. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal

JB
Plaintiff

HIGH POINT

Page 4 of 6   2-27-2017   2-27-2017

or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**3.7 Litigation of Disputes.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the District Court shall retain jurisdiction to resolve such dispute, and in the event the District Court does not retain jurisdiction, then jurisdiction shall be in the state court located in Broward County, Florida. In addition, the Parties specifically agree that the Court retain the right to award attorneys' fees in the enforcement of this agreement.

**3.8 Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

**3.9 Use of this Agreement.** This Agreement may not be used in any proceeding except for purposes of obtaining court approval or for enforcement of its own terms.

### Section IV – Representations & Warranties

**4.1 Capacity of the Parties.** BANEGAS-HERNANDEZ represents and warrants to Highpoint Drywall, LLC, Leonardo Aguilar, and Juan Sanin that he has the full power, capacity, and authority to enter into this Agreement. BANEGAS-HERNANDEZ also represents and warrants that no portion of any claim, right, demand, action, or cause of action that BANEGAS-HERNANDEZ has or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of BANEGAS-HERNANDEZ's claims released in this Agreement.

**4.2 Entire Agreement.** This Agreement sets forth the entire agreement between BANEGAS-HERNANDEZ and HIGH POINT and, shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**4.3 Recitals Incorporated.** All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**4.4 Counterparts:** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. A pdf format copy of the signature, faxed transmissions and/or copies of the signature block shall be deemed to be original signatures and enforceable.

| JAIME E. BANEGAS-HERNANDEZ | HIGH POINT DRYWALL, LLC. |
|---|---|
| JB | |
| Plaintiff | HIGH POINT |
| 2-27-2017 | 2-27-2017 |

Page 5 of 6

By: [signature]
Dated: 2/28/17

By: [signature]
Name: Leonardo Aguilar
Position: Managing Member
Dated: 2-27-2017

**LEONARDO AGUILAR**

By: [signature]
Dated: 2-27-2017

**JUAN SANIN**

By: [signature]
Dated: 02/27/2017

JB
Plaintiff

Page 6 of 6    2-27-2017

[signature]  HIGH POINT [signature]   2-27-2017